DONOVAN, J., dissenting:
{¶ 66} I disagree. The trial court cannot now disavow the finding which it made in its original judgment entry, to-wit: "in committing the offense, the defendant made an actual threat of harm to a person with a deadly weapon." The majority suggests there was some "confusion" during the direct appeal. There was no "confusion" whatsoever as the trial court speaks through its judgment entry, State v. Rainwater , 2d Dist. Montgomery No. 24136, 2011-Ohio-872, 2011 WL 686378, ¶ 17, and this finding is unequivocal. In my view, the trial court appears not to have exercised its discretion in light of the reversal of the judgment, but, in effect to have sought merely to justify the original sentence. The State of Ohio likewise called our prior decision "erroneous." If such is the view of the prosecuting attorney, the State should have sought Supreme Court review. It did not.
{¶ 67} The court's apparent attitude about our reversal and remand appears to have bled over into a lack of meaningful consideration of Becraft's motion to withdraw his plea. Becraft was entitled to a full evidentiary hearing on his motion, including an opportunity for Becraft himself to speak and/or testify which did not occur. This is evidenced by the following:
DEFENDANT: I would just like to talk about-
THE COURT: Just a moment, please.
DEFENDANT: Oh.
THE COURT: We haven't gotten to that point yet.
DEFENDANT: I apologize.
Hearing Trans. (Jan. 4, 2016), p. 10.
{¶ 68} It is clear that Becraft desired to speak to the trial court directly and articulate his rationale for wanting to withdraw his plea. The trial court's refusal to allow Becraft to address the court on the merits of his motion establishes that the hearing fell short of the full and impartial hearing that the law requires. Defense counsel attempted to secure Becraft's right to address the court, stating "I would ask the court to let Mr. Becraft speak on his behalf, *235 Your Honor". Hearing Trans. (Jan. 4, 2016), p. 9. However, this effort also was rebuffed. The only time the Defendant was permitted to address the court was at Sentencing, after the Motion to Withdraw was already denied.
{¶ 69} Furthermore, the content of Defendant's Exhibit P, a 911 recording reveals, "We think we just saw two guys steal a purse." There is, in this initial call, no reference to a third individual. This report is consistent with Becraft's defense. This 911 call comports with co-defendant Dozier's written statement identified as Defendant's Exhibit A, which buttresses Becraft's claim of innocence. In addition, Exhibit W, an affidavit from an inmate, avers that co-defendant Jeremy Dover revealed to him that Becraft was "innocent."[3] These exhibits were, in fact, admitted at Becraft's limited motion to withdraw his plea hearing and hence should have been considered, not ignored.
{¶ 70} I'd also note although the written results of the polygraph are not part of our record, the transcript suggests Becraft failed one question on the issue of whether he received any money from the aggravated robbery. The printed transcript suggests the court was in possession of the complete report raising the concern as to whether it was considered. Ostensibly, a singular failed question may establish receiving stolen property but is not necessarily evidence Becraft was an accomplice in or planned the aggravated robbery itself.
{¶ 71} Accordingly, I would reverse and vacate the sentence and grant Becraft's motion to withdraw his plea.

It is significant to note that Becraft's post-conviction relief petition filed December 2, 2013 was never decided on the merits. It was dismissed on May 6, 2015 because the direct appeal was pending. Hence, Becraft may still be able to pursue this avenue of relief.